UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DONALD J. McCAUSLIN,            :
                                :
        Petitioner              :
                                :
    v.                          :  CIVIL NO. 3:CV-15-0982
                                :
SUPERINTENDENT J. ECKARD,        :  (Judge Kosik)
                                :
        Respondent              :

## MEMORANDUM

Donald J. McCauslin, an inmate presently confined at the State Correctional Institution at Huntingdon (SCI-Huntingdon), Pennsylvania, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254.  Named as Respondent is SCI-Huntingdon Superintendent J. Eckard.  Accompanying the petition are motions filed by McCauslin for a stay and abeyance of his habeas corpus petition (Doc. 2) and for leave to proceed in forma pauperis in this matter (Doc. 3).  Service of the petition has not yet been ordered.

### Background

According to the petition, on May 2, 2012, McCauslin was convicted of Aggravated Indecent Assault, Indecent Assault and Corruption of Minors following a jury trial in the Court of Common Pleas of Cumberland County, Pennsylvania.  He

was sentenced on November 6, 2012 to a term of 22-48 months imprisonment.

McCauslin asserts that he filed a direct appeal with the Pennsylvania Superior Court asserting that the evidence was insufficient to sustain the verdict and challenging the retroactive application of registration requirements. (Doc. 1, Pet. at 1-2.) The Superior Court affirmed his conviction on November 19, 2013. See Commonwealth v. McCauslin, 91 A.3d 1289, No. 676 MDA 2013 (Pa. Super. Nov. 19, 2013)(Table). A petition for allowance of appeal was not pursued to the Pennsylvania Supreme Court.

McCauslin also sought collateral relief via an action filed pursuant to Pennsylvania's Post Conviction Relief Act (PCRA) on September 24, 2014.[1] According to McCauslin, his PCRA raised grounds of court misconduct and error, attorney misconduct and ineffective assistance of trial counsel. (Id. at 3.)

McCauslin states that his PCRA petition was denied by the Cumberland County Court on March 30, 2015. He also states that an appeal of said decision was filed with the Superior Court of Pennsylvania, and is still pending. (Id. at 3-4.)

The pending federal habeas corpus petition was filed on May 21, 2015, and

---

[1] See 42 Pa. Cons. Stat. Ann. § 9541 et seq. One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

asserts the following grounds: (1) court error and misconduct; (2) attorney misconduct; (3) ineffective trial counsel; and (4) ineffective PCRA counsel. Each ground contains numerous subparts. (Id. at 5-23.)

Accompanying the petition is McCauslin's request that this matter be stayed and held in abeyance pending disposition of his PCRA appeal pending before the Pennsylvania Superior Court. (Doc. 2.) In support of his request to stay this matter, he argues that he is currently attempting to fully exhaust some of the claims contained in his habeas petition. He asserts that following the completion of his PCRA exhaustion efforts, there will not be much time remaining to file a timely federal habeas petition. In addition, he claims that by the time the exhaustion of his PCRA is complete, he will most likely be released from custody, and therefore unable to challenge the lawfulness of his conviction in that he will no longer be "in custody" and will lack standing to seek correction of his wrongful conviction. (Id. at 2.)

**Discussion**

McCauslin's pending habeas petition and request for stay maintain that he has filed a timely § 2254 petition and that many of his pending claims have been raised in the PCRA action, which is presently pending before the Pennsylvania Superior Court. Petitioner requests that his matter be stayed until such time as he has exhausted his available state court remedies with respect to those unexhausted claims.

Title 28, United States Code Section 2254(b)(1) provides that an application

3

for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective.  The exhaustion requirement is not a mere formality.  It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.

The United States Supreme Court, noting the total exhaustion rule "does not unreasonably impair the prisoner's right to relief," has recognized that if a habeas corpus petition containing both exhausted and unexhausted claims is presented, then the entire petition must be dismissed.  Rose v. Lundy, 455 U.S. 509, 522 (1982).  However, "a petition containing unexhausted but procedurally barred claims in addition to exhausted claims is not a mixed petition requiring dismissal under Rose."  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); see also Castille v.Peoples, 489 U.S. 346, 351 (1989).

As discussed above, federal habeas corpus relief may not be granted on a mixed petition.  However, in both Rhines v. Weber, 544 U.S. 269 (2005) and Crews v. Horn, 360 F.3d 146 (3d Cir. 2004), a § 2254 petitioner filed a timely but mixed (one containing both exhausted and unexhausted claims) federal habeas corpus

4

petition. Both Rhines and Crews addressed arguments that federal habeas petitions should be held in abeyance, while unexhausted claims were exhausted in state court because those clams might be time barred upon returning to federal court due to time limitations imposed by 28 U.S.C. § 2254(b)(1). The Rhines Court recognized that under such "limited circumstances" district courts have discretion to stay a mixed § 2254 federal habeas corpus petition, so that the petitioner can pursue review of his unexhausted claims in state court. Rhines, 544 U.S. at 277. The United States Court of Appeals for the Third Circuit in Crews similarly recognized that in order to avoid an unfair result, "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at 154(internal citations omitted).

Rhines and Crews both contemplate that the initial federal petition must be timely filed. In the present case, there is no indication that McCauslin's pending federal petition is untimely under the time frame established by the Antiterrorism and Effective Death Penalty Act of 1996. McCauslin has requested a stay because his pending § 2254 action includes claims that he is also asserting via a PCRA petition, which is presently under consideration in Pennsylvania state court. He further points to the real possibility that he may no longer be "in custody" for purposes of filing a new federal habeas corpus petition by the time his PCRA petition is resolved by the state courts.

5

As in Crews, McCauslin should not face the prospect of forfeiting federal court review of issues.  In this regard, there is no indication that McCauslin is seeking to defer adjudication of his claims or to defeat the interests of finality of state court judgments.  Recognizing that McCauslin would have a relatively short period of time in which to file a new federal habeas petition after a completion of the state review process if not granted a stay, together with his pro se status, and the possibility he would no longer be "in custody" by the time the PCRA appeals were resolved, a stay of litigation in this case is appropriate while McCauslin exhausts the state review process on his pending unexhausted federal claims.  Accordingly, McCauslin's motion requesting a stay will be granted.

However, in order to keep the matter moving forward, within thirty (30) days of termination McCauslin's state court PCRA proceedings regarding his pending federal claims, he will be required to file a written status report with the court detailing the conclusion of his state court exhaustion efforts and including a copy of the relevant Pennsylvania Superior and/or Supreme Court's disposition.  Failure to timely file the required written status report may be deemed a failure to prosecute.

Upon demonstration by Petitioner that his state court proceedings have concluded, the stay issued in this matter will be lifted.  This matter will be marked closed, however, for administrative purposes.  An appropriate order will follow.